## GRAND ISLE COUNTY.

JANUARY TERM, 1840.

PRESENT, HON. STEPHEN ROYCE,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT.

URIAH H. ORVIS *v.* THE TOWN OF ISLE LA MOTT.

An officer cannot be permitted to amend a return of *non est inventus*, after the life of the execution has expired.

*Quære;* Whether such a return is indispensable in any case, except for the purpose of charging bail.

In all cases of *non est inventus* returns, it is sufficient for the officer to return the substantial facts, without a strict compliance with the *established forms.*

THIS was an action on the case against the defendants for the neglect of their constable in not taking bail on mesne process. Plea, general issue, and trial by the court.

Upon the trial, in the county court, it appeared, that on the thirteenth day of March, 1833, the plaintiff prayed out a writ of attachment in his favor against one Thomas P. Reynolds, of Isle La Mott, made returnable on the 29th of March, 1833, before a justice of the peace, and delivered said writ to Minos McRoberts, who was then constable of Isle La Mott, for service; that said constable served said writ by arresting the body of the said Reynolds, but neglected to take bail for his appearance to respond the judgment, or commit him to prison; that such proceedings were had in said suit that it was

GRAND ISLE, appealed to the county court, in the county of Grand Isle, and
January,
1840.     at the May term thereof, 1838, the plaintiff recovered a judg-
—————   ment therein, against the said Reynolds, for one hundred
Orvis     dollars damages and fity-nine dollars and twenty-one cents
v
Isle La Mott. costs; that on the seventh day of May, 1838, the plaintiff
prayed out a writ of execution, of that date, upon said judg-
ment, against the said Reynolds, in due form of law, directed
to the sheriff of Grand Isle county, and on the 15th day of
May, 1838, within thirty days from the rendition of said judg-
ment, delivered said writ of execution to Harry B. Mott,
sheriff of said county, to levy and collect, and that the said
sheriff, afterwards, on the 30th day of June,1838,within sixty
days from its date, returned said writ of execution to the of-
fice of the clerk of said court, with the following return
theron endorsed :—

"GRAND ISLE COUNTY, ss. ⎱ I then made diligent search
"Alburgh, June 27, 1838. ⎰ for the body of the within
"named defendant, leg, but could not find it to levy this ex.
"nor property. I therefore return this ex. unsatisfied.
          "Attest,          H. B. MOTT, Sheriff."

It also appeared that said Reynolds left this State in April,
1837, and that he had never returned, but resided in the
State of New York.

The plaintiff moved the court for liberty to the sheriff to
amend his return on said writ of execution, but the court re-
fused to allow the amendment, on the ground that the inter-
est of third persons would be thereby affected.

Upon the facts above stated, the county court rendered a
judgment for the defendants and the plaintiff excepted.

*G. Harrington* for plaintiff.

The county court should have permitted the officer to
amend his return.

The return, although informal, still was sufficient to show
that the officer intended a return of *non est inventus.*

The amendment required, was only to make the return
formal, and not in the least to contradict it.

The case shows the truth of a *non est inventus* return,
that is, that Reynolds was not in the State during, the life of
the execution. The length of time, since the return was made,
is no objection to the amendment. Big. Dig. p. 70 and 71, G.
———————— for defendants.

1. The return of the sheriff on the execution is not sufficient to charge the town.

2. The return cannot be amended. The liability has now become ·fixed either upon the sheriff, or the town of Isle La Mott ; if upon the sheriff, he cannot, by amending his return, shift the the liability from himself to the town.

The return is matter of record and when made. cannot· be amended.

GRAND ISLE,
*January,*
1840.

Orvis
*v.*
Isle La Mott.

The opinion of the court was delivered by

REDFIELD, J.—If we concede that the return upon the writ of execution in favor of the plaintiff against Reynolds, was informal and void, it by no means follows that the defendants are not liable. The return of *non est inventus,* is required, by statute, in the case of bail only: As in the present case, no bail was taken, it is difficult to perceive how a formal return could be important. If the execution was taken out and put into the hands of an officer, so as to give the defendants an opportunity of surrendering the debtor,it is all that could be reasonably required. But the court below considered the return of *non est* important, and decided in favor of the defendants, on account of the alleged defectiveness of such return.

The plaintiff indeed moved the court to permit the officer, who made the return, to amend it on trial. This was denied and very justly. That process was not then before the court, for the former suit, and every thing pertaining to it, had long before been determined. The record and proceedings in it, could therefore no more be amended, than if that suit had been pending in another court. *Fletcher* v. *Pratt,* 4 Vt. R. 182. It is obvious, too, that if the return is important, as a regular *non est inventus* return, it must have been perfected within the life of the execution, or it could be of no avail. *Turner* v. *Lowry,* 2 Aiken's R. 72. At what time within the life of the execution it was made, is not important. *Howe* v. *Ransom,* 1 Vt. R. 276. But it must be perfected within that time, and actually returned into the office from which it issued. So that it is apparent no amendment could avail the plaintiff in the present case.

But, on inspection of the return, in the present case, we are all of one opinion, that it is sufficient, even for the pur-

GRAND ISLE, poses of charging bail, strictly. The sheriff of the county
January, returns thus :—" Grand Isle county ss., Alburgh, June 27th,
1840. 1838. I then made diligent search for the body of the with-
Orvis in named defendant, (leg.") It is not stated indeed where
v. this search was made ; but where will it be intended ? In
Isle La Mott. some adjoining county, or in his own precinct ? Surely the
latter. It is only by an unnatural and forced construction,
that any doubt could be raised. The sheriff proceeds, " and
could not find it." Could not find what ? Why surely the
defendant's body ; for the sentence continues,, " to levy this
ex. nor property, I therefore return this ex. unsatisfied."
Language could hardly make the import of the return more
obvious. And when from the return it is made clear, beyond
doubt, that the officer had made search throughout the proper
precinct, both for goods and the body, and could find neither,
nothing could be more unsound and unwise than to raise a
doubt, by a forced intendment, and thus avoid the return.

Judgment of the county court reversed and new trial
granted.